```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/23/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE CITIGROUP INC. SECURITIES
LITIGATION

---

09 MD 2070 (SHS)
This document relates to:
07 Civ. 9901 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

Objector Kenneth Patrick Wright, an attorney appearing pro se, has moved pursuant to Federal Rule of Appellate Procedure 4(a)(5) for an extension of time to file a notice of appeal from this Court's judgment approving the settlement of this securities class action litigation that was entered August 1, 2013. Wright was required to file his notice of appeal within 30 days of the entry of judgment, see Fed. R. App. P. 4(a)(1); based on the Court's computation of time pursuant to Federal Rule of Civil Procedure 6, the last day for Wright to file his notice of appeal was September 3, 2013. Wright's notice of appeal was filed with the district clerk on September 24, 2013, accompanied by a motion seeking an extension of time to file the notice. In support of his motion, Wright alleges that he failed to timely file a notice of appeal because he "did not receive a copy of [the] decision by mail" and "only learned about the judgment online, through PACER, on September 18." (Dkt. No. 288.)

Wright, however, has not demonstrated "excusable neglect" or "good cause," as required for the Court to exercise its discretion to extend the deadline. *See* Fed. R. App. P. 4(a)(5). The question of whether a movant's neglect should be excused is an equitable one, taking into account all relevant circumstances and factors including prejudice to the nonmoving party, "length of the delay," "reason for the delay," and "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). The U.S. Court of Appeals for the Second Circuit has made clear that the reason for the delay is the most important consideration. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

Wright's sole proffered excuse for his three-week delay in filing a notice of appeal is that he did not receive notification of the judgment approving the settlement by mail. It is undisputed, however, that the judgment was docketed in the Southern District of New York Electronic Court Filing ("ECF") system on August 1, 2013. Wright—who is an attorney and

according to the lead counsel in this action, has used ECF on "numerous occasions"—was responsible for monitoring the docket in this litigation, which would have ensured that he learned of such developments as the entry of judgment. (*See* Exs. 7, 8 to Decl. of Peter S. Linden, Esq. dated Oct. 4, 2013, Dkt. No. 291.) The judgment was also available via the Public Access to Court Electronic Records ("PACER") system—to which movant, by his own admission, had access—and widely reported upon by national media outlets. (*See* Exs. 2, 3, 4 to Linden Decl.) The fact that Wright was not physically mailed a copy of the judgment, therefore, demonstrates neither good cause nor excusable neglect. He claims no other excuse for his untimely application.

Because Wright has shown neither excusable neglect nor good cause, his motion for an extension of time in which to file a notice of appeal is denied. (Dkt. No. 288.)

Dated:  New York, New York
        October 23, 2013

SO ORDERED:

Sidney H. Stein, U.S.D.J.

cc:     Kenneth Patrick Wright
        10888 Shady Trail
        Dallas, TX 75220

2