USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan. 10, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CITIGROUP INC. SECURITIES LITIGATION | LEAD CASE 09 MDL 2070 (SHS) |
| DANIEL BRECHER, SCOTT SHORT, CHAD TAYLOR, JENNIFER MURPHY, PAUL KOCH, and MARK OELFKE, individually and on behalf of all others similarly situated, Plaintiffs, v. CITIGROUP INC. and CITIGROUP GLOBAL MARKETS INC., Defendants. | 09 Civ. 7359 (SHS) Hon. Sidney H. Stein |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities action is pending in this Court entitled *Brecher, et al. v. Citigroup Inc., et al.*, No. 09 Civ. 7359 (SHS) (S.D.N.Y.) (the "Action" or the "FA CAP Action");

WHEREAS, (i) Lead Plaintiffs, individually and on behalf of the proposed FA CAP Class (as hereinafter defined), and (ii) defendants Citigroup Inc. ("Citigroup") and CGMI (collectively, the "Defendants" and, together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated as of January 6, 2014 (the "Stipulation"), which is subject to review by the Court under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the Parties' proposed settlement of the FA CAP Action (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with

the Stipulation, certifying the FA CAP Class for purposes of settlement only, and approving notice to the FA CAP Class as more fully described herein;

WHEREAS, the Court having read and considered (i) Lead Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and its exhibits, including the proposed (a) Notice; (b) Proof of Claim Form; (c) Summary Notice; and (d) Judgment, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Certification of FA CAP Class for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a class consisting of all persons who, through participation in FA CAP, purchased or otherwise acquired Citigroup common stock and/or options to acquire Citigroup common stock during the period between November 1, 2006 and June 30, 2009, inclusive, or their successor in interest, and who were damaged thereby, excluding any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the FA CAP Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the FA CAP Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the FA CAP Class; (c) the claims of Lead Plaintiffs are typical of the

2

claims of the FA CAP Class; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the FA CAP Class; and (e) the questions of law and fact common to the FA CAP Class predominate over any individual questions and a class action is superior to other available methods for the fair and efficient adjudication of the FA CAP Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that the Lead Plaintiffs are adequate class representatives and certifies the Lead Plaintiffs as class representatives for the FA CAP Class. The Court also appoints Lead Counsel as class counsel for the FA CAP Class.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate, and in the best interests of Lead Plaintiffs and the other FA CAP Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on April 28, 2014 at 10:00 a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit E to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and

(e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to FA CAP Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the FA CAP Class.

7. **Retention of Claims Administrator and Manner of Notice** – The law firm of Wolf Haldenstein Adler Freeman & Herz LLP is hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator" or "GCG") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than fifteen (15) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form, substantially in the forms attached to the Stipulation as Exhibits B and D, respectively (the "Notice Packet"), to be mailed by first-class mail to FA CAP Class Members at the addresses set forth in the records provided by Defendants, or who may otherwise be identified through reasonable effort;

(b) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Proof of Claim Form to be posted on a website to be developed for the Settlement, from which FA CAP Class Members may download copies of the Notice and Proof of Claim Form;

4

(d) not later than twenty (20) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit C, to be published once in the national edition of *The Wall Street Journal*, and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Summary Notice, and the Proof of Claim Form, attached to the Stipulation as Exhibits B, C, and D, respectively, and (b) finds that the mailing and distribution of the Notice and Proof of Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise FA CAP Class Members of the proposed Settlement, of the effect of the proposed Settlement (including the Releases contained therein) and of their right to exclude themselves from the FA CAP Class or object to any aspect of the proposed Settlement and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Participation in the Settlement** – FA CAP Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the FA CAP Class. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his or her Claim and the subject matter of the Settlement.

10. Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the FA CAP Class Member must be included in the Proof of Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11. Any FA CAP Class Member that does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have

waived his or her right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the FA CAP Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Citigroup Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12. **Exclusion From the FA CAP Class** – Any member of the FA CAP Class who wishes to exclude himself or herself from the FA CAP Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the FA CAP Class must be mailed or delivered such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, to: *Citigroup FA CAP Litigation* (or *Brecher, et al. v. Citigroup Inc., et al.,*) EXCLUSIONS, c/o The Garden City Group, Inc., P.O. Box 9899, Dublin, Ohio 43017, and (b) that each request for exclusion must (i) state the name, address and telephone number of the person requesting exclusion; (ii) state that such person "requests exclusion from the FA CAP Class in *Brecher, et al. v. Citigroup Inc., et al.*, 09 Civ. 7359 (SHS)"; (iii) state the number of each FA CAP Security (in terms of shares and/or options) that the person requesting exclusion was awarded during the FA CAP Class Period, as well as the dates and prices or each such award; and (iv) be signed by the person requesting exclusion or an authorized representative. A request for exclusion shall not be valid

and effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13. Any person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the FA CAP Class shall not be a FA CAP Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

14. Any FA CAP Class Member who does not timely and validly request exclusion from the FA CAP Class in the manner stated in this Order: (a) shall be deemed to have waived his or her right to be excluded from the FA CAP Class; (b) shall be forever barred from requesting exclusion from the FA CAP Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the FA CAP Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Citigroup Releasees, as more fully described in the Stipulation and Notice.

15. **Appearance and Objections at Settlement Hearing** – Any FA CAP Class Member who does not request exclusion from the FA CAP Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice, by filing with the Clerk of Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any FA CAP Class Member who does not enter an appearance will be represented by Lead Counsel.

16. Any FA CAP Class Member who does not request exclusion from the FA CAP Class may file a written objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he or she has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no FA CAP Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than thirty (30) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| **Wolf Haldenstein Adler Freeman & Herz LLP** | **Paul, Weiss, Rifkind, Wharton & Garrison LLP** |
| Matthew M. Guiney, Esq. | Brad Karp, Esq. |
| Mark C. Rifkin, Esq. | Richard A. Rosen, Esq. |
| 270 Madison Ave. | Susanna M. Buergel, Esq. |
| New York, NY 10016 | 1285 Avenue of the Americas |
| | New York, NY 10019-6064 |

17. Any objections, filings and other submissions by the objecting FA CAP Class Member (a) must state the name, address and telephone number of the person objecting and must be signed by the objector; (b) must contain a statement of the FA CAP Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the FA CAP Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the FA CAP Class, including the number of each

9

FA CAP Security (in terms of shares and/or options) that the objecting FA CAP Class Member purchased/acquired during the FA CAP Class Period.

18. Any FA CAP Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived his or her right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19. **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court enjoins Lead Plaintiffs and all other FA CAP Class Members from commencing or prosecuting any and all of the Released Claims against each and all of the Citigroup Releasees.

20. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in notifying FA CAP Class Members of the Settlement as well as administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court, *except that any such costs in excess of $100,000 shall only be paid with approval of the Court.* /SHS/

21. **Settlement Fund** – The contents of the Settlement Fund held by Wolf Haldenstein Adler Freeman & Herz LLP (which the Court approves as the Escrow Agent) shall be deemed and considered to be, ~~in custodia legis of the Court,~~ and shall remain, subject to the /SHS/ jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

10

22. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23. **Termination** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Settlement does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the other FA CAP Class Members and Defendants, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to January 6, 2014, as provided in the Stipulation. Within three (3) business days after joint written notification of termination is sent by counsel for Defendants and Lead Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including any accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 8 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to Citigroup. In the event that the funds received by Lead Counsel consistent with ¶ 8 of the Stipulation have not been refunded to the Settlement Fund within the three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Citigroup immediately upon their deposit into the Escrow Account consistent with ¶ 8 of the Stipulation.

24. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), nor its negotiation, nor any proceedings taken pursuant to them (a) shall be offered against any of the Citigroup Releasees as evidence of, or construed as, or deemed to be

evidence of any presumption, concession, or admission by any of the Citigroup Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Citigroup Releasees; (b) shall be offered against any of the Plaintiff Releasees, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor (d) shall they be construed against Plaintiff Releasees that any of their claims are without merit, that any of the Citigroup Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

25. **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than forty-five (45) calendar days prior to the Settlement Hearing; and Lead Counsel's and Defendants' reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 10th day of January, 2014.

_____
The Honorable Sidney H. Stein
United States District Judge