

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE CITIGROUP INC. SECURITIES
LITIGATION

LEAD CASE
09 MD 2070 (SHS)

---

RENTOKIL-INITIAL PENSION SCHEME,
Individually and on Behalf of All Others
Similarly Situated,

      Plaintiff,

-against-

CITIGROUP, INC., SANFORD I. WEILL,
CHARLES O. PRINCE, III, ROBERT E.
RUBIN, and VIKRAM PANDIT,

      Defendants.

This document relates to:
12 Civ. 6653 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

  This Court previously dismissed on *forum non conveniens* grounds the above-captioned action, in which a United Kingdom–based plaintiff sued defendants for alleged misrepresentations in connection with Euro Notes promoted in England and listed on Luxembourg and Copenhagen stock exchanges. In order to ensure that an adequate alternative forum remain available to plaintiff, the Court conditioned dismissal on defendants' consent to jurisdiction over them by the courts of the United Kingdom. Plaintiff has now moved pursuant to Federal Rule of Civil Procedure 59(e) for this Court to amend the judgment in this action to add a new condition, namely that defendants also agree to the tolling of all statutes of limitations from the date this action was commenced until the conclusion of any appeals in this action. This condition would address plaintiffs' worry that new claims, which it has never previously alleged in this action, may be time-barred in the courts of the United Kingdom. Notably, regardless whether the Court adds this condition, no statute of limitations

stands in plaintiff's way of bringing this action in the United Kingdom, because the claims plaintiff has actually alleged in this litigation are not time-barred there. Plaintiff's new proposed condition therefore does not affect the adequacy of the courts of the United Kingdom as an alternative forum.

Plaintiff has also sought through Rule 59(e) for the Court to clarify that defendants' consent to jurisdiction in the United Kingdom must extend to all legal theories arising out of the facts alleged in this action. In response, defendants have stated that their consent is not limited to any legal theory or cause of action, thereby mooting that part of plaintiff's request.

The judgment, as it stands, ensures plaintiff an adequate alternative forum. The Court therefore denies plaintiff's motion to amend the judgment.

## I. BACKGROUND

Plaintiff Rentokil-Initial Pension Scheme brought a putative class action on behalf of itself and the other purchasers of 21 medium-term Euro Notes issued and sold by defendant Citigroup, Inc., between October 12, 2005, and February 25, 2009, on the eve of the financial crisis of the last decade. Rentokil filed its original Class Action Complaint ("CAC") on August 30, 2012, alleging just one cause of action: namely, that defendants violated Section 90 of the United Kingdom's Financial Services and Markets Act 2000 ("FSMA"). (CAC, Dkt. No. 1, ¶¶ 160-165.) On June 7, 2013, Rentokil filed a First Amended Complaint ("FAC"), replacing its allegations under U.K. law with claims under four provisions of Luxembourg's Civil Code. (FAC, Dkt. No. 39, ¶¶ 186-211.)

On February 6, 2014, this Court granted defendants' motion to dismiss the FAC on the basis of *forum non conveniens*. *See Rentokil-Initial Pension Scheme v. Citigroup, Inc.*, No. 12 Civ. 6653, 2014 WL 470894 (S.D.N.Y. Feb. 6, 2014). The Court determined that, "the relevant financial transactions and regulatory oversight took place in the United Kingdom and continental

2

Europe" and that "[i]n this litigation, a U.K. plaintiff has alleged claims under Luxembourg law regarding European-listed and European-regulated securities." *Id.* at *7. Although the Court concluded that "[t]he balance of interests clearly favors the United Kingdom as the more appropriate forum for this action," it declined to enter a judgment of dismissal immediately. *Id.* Instead, it conditioned dismissal on the requirement "that counsel for [the individual defendants] notify the Court in writing, within seven days . . . that [the individual defendants] consent to jurisdiction over them by the courts of the United Kingdom." *Id.*

Seven days later, on February 13, 2014, the individual defendants met that condition when their counsel wrote to the Court as follows:

> [T]he Individual Defendants consent to the exercise of personal jurisdiction over each of them by the courts of [] England and Wales with respect to the claims asserted by plaintiff in the [FAC]. This consent is without prejudice to or waiver of any defenses to such claims other than personal jurisdiction.

(Dkt. No. 45 at 1-2.) On February 18, 2014, the Court issued an endorsed order that the February 13 letter "fulfill[ed] [the] condition" set forth in the Opinion and Order, and directed that "this action is hereby dismissed on the grounds of *forum non conveniens*." (Dkt. No. 46.)

Plaintiff has now moved for the Court to amend its order of dismissal. Specifically, Rentokil seeks to condition the dismissal upon both: (1) "defendants' agreement that . . . all applicable statutes of limitations are tolled for all purposes and in all jurisdictions as of the date of the first filing in this action, August 30, 2012, and until termination of any appellate proceedings in this matter," and (2) "defendants['] consent to the exercise of personal jurisdiction over them in the United Kingdom for all claims and causes of action arising out of the facts alleged in the [FAC] without limitation to the substantive laws of any particular jurisdiction." (Dkt. No. 47.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits parties to move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Under that rule, "district courts may alter or amend judgment 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (quoting *Collision v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Such a motion "should only be granted when the movant demonstrates that the Court overlooked facts or controlling legal authority presented to the Court on the underlying motion." *Credit Suisse First Boston, LLC v. Gonzalez Padilla*, No. 04 Civ. 4044, 2004 WL 1933550, at *1 (S.D.N.Y. Aug. 24, 2004); *see also Hollander v. Members of the Bd. of Regents of the Univ. of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013), *cert. denied* 134 S. Ct. 197.

## III. ANALYSIS

### A. Defendants have consented adequately to the jurisdiction of the courts of the United Kingdom.

As a prerequisite for a dismissal on *forum non conveniens* grounds, an adequate alternative forum must exist. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir. 2000). "The alternative forum will normally be adequate so long as the defendant is amenable to process there. . . . An agreement by the defendant to submit to the jurisdiction of the foreign forum can generally satisfy this requirement." *DiRienzo v. Philip Svcs. Corp.*, 232 F.3d 49, 57 (2d Cir. 2000) (citations omitted), *vacated on other grounds*, 294 F.3d 21 (2d Cir. 2002).

Seeking to fulfill this requirement, defense counsel's letter of February 13, 2014, set forth on behalf of the individual defendants that they "consent to the exercise of personal jurisdiction over each of them by the courts of [] England and Wales with respect to the claims asserted by plaintiff in the [FAC]." (Dkt. No. 45 at 1.) Plaintiff, interpreting the scope of defendants' consent as limited to the FAC's legal theories, have moved to require

defendants to broaden their consent to "jurisdiction in the United Kingdom for all claims arising from this action under any laws that may be applicable." (Pls.' Mem. at 5.)

Responding to that motion, the individual defendants have clarified the scope of their consent as follows:

> Plaintiff raises a concern that, because the individual defendants consented to jurisdiction in the courts of England and Wales over "the claims asserted by plaintiff in the Complaint," these defendants might argue that they have not consented to personal jurisdiction over them in the event those courts permit plaintiff to assert different legal theories based on the same facts. (Pl. Mem. 2.) To be clear, the individual defendants understand their consent to personal jurisdiction to extend to legal theories based on the same facts permitted by the courts of England and Wales.

(Defs.' Opp. at 1 n.1.)

If defendants' earlier statement fell short of consenting to jurisdiction for all of plaintiff's potential legal claims arising from the facts alleged in its FAC, then this latter statement explicitly encompasses them all. This clarifying statement represents an "agreement by the defendant to submit to the jurisdiction of the foreign forum," *see DiRienzo*, 232 F.3d at 57, and ameliorates any lingering concern of a jurisdictional obstacle to the litigation of plaintiff's claims—asserted and potential—in the courts of the United Kingdom.

### B. Defendants need not waive defenses based on statutes of limitations, because the claims alleged in this action are not time-barred.

An adequate alternative forum, as required for *forum non conveniens* to apply, exists only where "the forum permits 'litigation of the subject matter of the dispute,'" so "[i]t follows that an adequate alternative forum does not exist if a statute of limitations bars the bringing of the case in that forum." *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of*

5

*Pakistan*, 273 F.3d 241, 246 (2d Cir. 2001) (quoting *Alfadda v. Fenn*, 159 F.3d 41, 45 (2d Cir. 1998)); *see also Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 159 (2d Cir. 2005).

Relying on that principle, Rentokil argues that the United Kingdom's adequacy as an alternative forum depends on whether "[d]efendants . . . waive all statute of limitations defenses not available to them when the first complaint was filed in this Court on August 30, 2012." (Pl.'s Mem. at 4.) Rentokil, which faces the burden of demonstrating in its Rule 59(e) motion that there is a "clear error of law or . . . manifest injustice" to correct or prevent, *Munafo*, 381 F.3d at 105, indicates just a single cause of action that is time-barred in the United Kingdom. In particular, Rentokil points out that "[a] misrepresentation claim brought in the United Kingdom is governed by a six-year statute of limitation" and that therefore Rentokil's misrepresentation claim against defendants would be time-barred in the alternative forum. (Pl.'s Mem. at 4 (citing Hubble Decl., Dkt. No. 33, ¶ 80.)

But Rentokil has never alleged a cause of action for misrepresentation. (*Cf.* Hubble Decl. ¶¶ 79-80 (distinguishing, under U.K. law, between "a potential claim under . . . FSMA" and "claims for negligent misrepresentation and in the tort of deceit").) At the outset of this litigation, Rentokil alleged violations of the United Kingdom's FSMA. (CAC ¶¶ 160-165.) It dropped that cause of action, with its own expert agreeing that the FSMA did not apply in this litigation. (*See* Hubble Decl. ¶ 9.) Plaintiff replaced the FSMA claim with four causes of action under Luxembourg's Civil Code. (FAC ¶¶ 186-211.) Those causes of action have limitations periods of ten and 30 years. (*See* Prum Decl., Dkt. No. 27, ¶ 18 (ten-year limitation for Luxembourg contract claims); *id.* ¶ 24 (30-year limitation for Luxembourg tort claims)).

Any fear that "a statute of limitations bars the bringing of the case in" the United Kingdom, *Bank of Credit & Commerce Int'l (Overseas) Ltd.*, 273 F.3d at 246, ignores the causes of action that plaintiff has actually alleged

in this case. Nothing in the record suggests that the claims alleged in this litigation are time-barred. Thus, no statute of limitations bars plaintiff from bringing in the United Kingdom the case that it brought in this Court, so the alternative forum remains adequate.

## IV. CONCLUSION

The doctrine of *forum non conveniens* balances U.S. courts' disinterest in "becoming the courthouse to the world, or an international court of claims," *Monde Re v. Nak Naftogaz of Ukraine*, 158 F. Supp. 2d 377, 382 (S.D.N.Y. 2001), with the same courts' disinterest in stripping plaintiffs of the ability to bring a lawsuit altogether. The prerequisite of an adequate alternative forum, while essential to a plaintiff's opportunity to be heard, does not invite a plaintiff to extract concessions from its adversary beyond those necessary to guarantee the plaintiff's day in court.

In this case, defendants have consented to jurisdiction in the courts of England and Wales, permitting plaintiff to sue them in that forum based on the facts plaintiff alleged in this action. No jurisdictional issue and no statute of limitations will stand between plaintiff and a U.K. lawsuit for the claims for relief alleged here.

Accordingly, it is hereby ORDERED that plaintiff's motion to amend the judgment in this matter is denied.

Dated: New York, New York
       June 9, 2014

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.